1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TODD TEI, | Case No. 2:20-cv-06559-JAK (MAA) |
| 12            Plaintiff, | |
| 13       v. | **ORDER OF DISMISSAL** |
| 14 | |
| 15  LOS ANGELES DEPARTMENT OF CHILD AND FAMILY SERVICES et al., | |
| 16 | |
| 17            Defendants. | |

18

19   **I.      SUMMARY OF FACTS AND PROCEEDINGS**

20           On July 23, 2020, Plaintiff Todd Tei ("Plaintiff"), proceeding *pro se*, filed a

21   Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.

22   (Compl., ECF No. 1.)  On July 27, 2020, the Court issued an Order dismissing the

23   Complaint for failure to comply with Federal Rule of Civil Procedure 8, with leave

24   to file a First Amended Complaint ("FAC") by August 26, 2020.  (Order, ECF No.

25   5.)  The Order "**advised that failure to comply with this order w[ould] result in a**

26   **recommendation that the lawsuit be dismissed without prejudice for failure to**

27   **prosecute and/or comply with court orders**.  *See* **Fed. R. Civ. P. 41(b); C.D. Cal.**

28   **L.R. 41-1.**"  (*Id*. at 4.)

On September 14, 2020, in the absence of a filed FAC, the Court issued an Order to Show Cause ("OSC"), ordering Plaintiff to show cause by October 14, 2020 why the Court should not recommend that the case be dismissed for want of prosecution.  (OSC, ECF No. 6.)  The OSC stated that if Plaintiff filed a FAC or dismissed the case before that date, the OSC would be discharged.  (*Id*.)  The OSC "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders.  *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**"  (*Id*.)  The OSC was returned to the Court as undeliverable on October 19, 2020.  (ECF No. 7.)

To date, Plaintiff has failed to file a FAC, failed to respond to either the Order or OSC, and has not updated his address with the Court.  Indeed, Plaintiff has not communicated with the Court since filing the lawsuit on July 23, 2020.

## II.    LEGAL STANDARD

Central District of California Local Rule 41-6 states:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any.  If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

C.D. Cal. L.R. 41-6.

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the

court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution).
Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an
adjudication on the merits.  Fed. R. Civ. P. 41(b).  "Dismissal is a harsh penalty and
is to be imposed only in extreme circumstances."  *In re: Phenylpropanolamine*
*(PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v.*
*USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

     "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable
delay.'"  *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson*
*v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  In addition, the court must weigh
the following factors in determining whether a Rule 41(b) dismissal is warranted:
"(1) the public's interest in expeditious resolution of litigation; (2) the court's need
to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the
availability of less drastic alternatives; and (5) the public policy favoring disposition
of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).
The Ninth Circuit will "affirm a dismissal where at least four factors support
dismissal, or where at least three factors strongly support dismissal."  *Dreith v. Nu*
*Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*,
191 F.3d 983, 990 (9th Cir. 1999)).  Finally, "in order to warrant a sanction of
dismissal, the party's violations of the court's orders must be due to wilfulness or
bad faith."  *Id.*

## III.   ANALYSIS

### A.   The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

     The first and second factors (the public's interest in expeditious resolution of
litigation and the Court's need to manage its docket)[1] weigh in favor of dismissal.

---

[1] The first two factors are usually reviewed together "to determine if there is an
unreasonable delay."  *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

1    "Orderly and expeditious resolution of disputes is of great importance to the rule of

2    law." *In re: Phenylpropanolamine*, 460 F.3d at 1227.  "The public's interest in

3    expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d

4    at 642 (quoting *Yourish*, 191 F.3d at 990).  In addition, district courts "have an

5    inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at

6    1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir.

7    1986)), and "are best suited to determine when delay in a particular case interferes

8    with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting

9    *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

10    Plaintiff has failed to file a FAC or otherwise respond to the Order or OSC,

11    has failed to update his mailing address, and has not otherwise participated in this

12    lawsuit since filing the Complaint on July 23, 2020.  The Court concludes that

13    Plaintiff's inaction and lack of communication with the Court constitute willful

14    unreasonable delay.  *See Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607

15    (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing

16    *pro se* prisoner lawsuit for failure to respond to a court order for almost three

17    months).  Plaintiff's noncompliance also interferes with the public's interest in the

18    expeditious resolution of this litigation and hinders the Court's ability to manage its

19    docket.  *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit]

20    defer[s] to the district court's judgment about when a delay becomes unreasonable

21    'because it is in the best position to determine what period of delay can be endured

22    before its docket becomes unmanageable.") (quoting *In re Eisen*, 31 F.3d at 1451)).

23    The first and second factors favor dismissal.

24

25    **B.     Risk of Prejudice to Defendants**

26    The third factor (risk of prejudice to the defendants) also weighs in favor of

27    dismissal.  "A defendant suffers prejudice if the plaintiff's actions impair the

28    defendant's ability to go to trial or threaten to interfere with the rightful decision of

1   the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l*
2   *Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).  "The law also presumes
3   prejudice from unreasonable delay."  *Id*.  The risk of prejudice to a defendant is
4   related to a plaintiff's reason for failure to prosecute an action.  *Pagtalunan*, 291
5   F.3d at 642.  "Whether prejudice is sufficient to support an order of dismissal is in
6   part judged with reference to the strength of the plaintiff's excuse for the default."
7   *Malone*, 833 F.2d at 131.

8          Plaintiff continuously has refused to file a FAC without explanation.  As
9   Plaintiff has not updated his address with the Court, the Court cannot ascertain
10  Plaintiff's reason for failing to prosecute this lawsuit or comply with Court orders.
11  *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to
12  require the district court to hold a case in abeyance indefinitely just because it is
13  unable, through the plaintiff's own fault, to contact the plaintiff to determine if his
14  reasons for not prosecuting his lawsuit are reasonable or not.")  As "a presumption
15  of prejudice arises from the plaintiff's unexplained failure to prosecute," the third
16  factor favors dismissal.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th
17  Cir. 1998).

18
19          **C.     Availability of Less Drastic Alternatives**

20          The fourth factor (the availability of less drastic alternatives) also supports
21  dismissal.  "The district court need not exhaust every sanction short of dismissal
22  before finally dismissing a case, but must explore possible and meaningful
23  alternatives."  *Henderson*, 779 F.2d at 1424.

24          The Court considered and implemented less drastic alternatives prior to
25  dismissal.  The Court twice explicitly warned Plaintiff that failure to file a FAC
26  would result in a recommendation that the action be dismissed for failure to
27  prosecute and/or failure to comply with Court orders pursuant to Federal Rule of
28  Civil Procedure 41(b).  (Order 4; OSC 1.)  *See In re: Phenylpropanolamine*, 460

F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). The Court also extended Plaintiff's deadline to file a FAC from August 26, 2020 to October 14, 2020. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). As Plaintiff has not provided his updated address to the Court, no alternatives to dismissal currently are available. *See Carey*, 856 F.2d at 1441 (concluding that there was no less drastic sanction available than dismissal where mail addressed to plaintiff was returned by the post office as undeliverable and plaintiff did not provide updated address to court). The fourth factor weighs in favor of dismissal.

### D.     Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has been stalled by Plaintiff's failure to file a FAC, otherwise respond to the Order or OSC, or update his address with the Court. Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's noncompliance and inaction.

### E.     Dismissal Without Prejudice

In summary, Plaintiff's failure to file a FAC or otherwise respond to the Order or OSC, failure to update his mailing address, and failure to otherwise participate in

this lawsuit since filing the Complaint constitute willful unreasonable delay.  Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal.  "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV.    CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice.  No further filings shall be accepted under this case number.

DATED: October 30, 2020

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE